Good morning, Your Honors. Jackie McDonald on behalf of Appellee James Cotras in the Cotras case. Dependents have asked that plaintiffs take the first cut at this today. We're happy to do that. We'd just like to ask the Court's preference. On behalf of Appellee James Cotras, it is a little awkward for me to make the initial comments given that we are responding on this appeal, but we're happy to do so at the Court's convenience. We'd just like to ask the Court's preference. I'm not sure I understand. Do you all have an agreement as to how you're going to proceed? The Court asked the parties to split themselves up between which side of the issue you have. So right now we have plaintiffs on one side, defendants on the other side, but we're mixed appellees, appellants. So we walked in the Court today not knowing which side the Court wanted us to argue on. And we didn't seem to be able to agree beforehand whether who wanted to be appellants or appellees. In other words, she's saying that because her client was successful below on this issue, correct? So that's odd for you to defend in a backward manner. Right, Your Honor. And in addition to that, we are responding to 28J letters where they raised somewhat of a new challenge in both instances. But on behalf of all the plaintiffs, we're happy to proceed first. We just wanted to give the Court an opportunity to state a preference. Plaintiffs go first is fine. We understand there are somewhat different positions. We'll just soldier on. Morning, Your Honors. My name is Michael Murphy. I represent Goodrich Corporation. It's Goodrich's position that this Court should essentially send these cases back to district courts for decision in light of Atlantic Research. These cases are basically presented right now to figure out what the impact of Atlantic Research was on briefs that were filed that were trying to figure out the impact of Atlantic Aviol, Capri Industries via Aviol Services. And so sort of events have sort of moved forward past our briefs. So we're standing here with a situation where the Supreme Court in Atlantic Research said, plaintiffs in our positions have a cause of action under Section 107, under the express terms of Section 107 of CERCLA. I think the issue is that defendants have asserted that because our claims were entitled contribution actions, that this Court should reach whether an implied right of contribution exists under Section 107, in addition to the express right. It's our position that the Court doesn't need to reach that decision now because the plaintiffs below adequately pled Section 107 action as defined in Atlantic Research. Let me just make sure I understand. Because the legal issue permeating all this is whether there's an implied right of action under 107 for contribution. However, you're saying that the way you framed it for right of recovery. The claims below were entitled contribution. Correct. But the substance of those claims are ones for cost recovery. Cost recovery. As defined by the Supreme Court. Mr. Murphy, when you say we should send this back, you mean without deciding any question? I believe so, Your Honor. I believe that you should vacate our order, the order that was entered in the case below the Rialto case. Judge Phillips' order. Exactly. You should vacate that order and send it back to Judge Phillips for a decision in light of Atlantic Research. No matter how you styled them, I guess a different question is, it seems clear you have a right to cost recovery. There's a legal basis for cost recovery. That's correct. I don't know if you have a right to it or not, but you have a basis for cost recovery under 107. Are you saying that your clients have not made an argument for an implied right of contribution under 107? When we were pleading these complaints, it was after Cooper v. Industries v. Avial Service had come out. And the Supreme Court in that case had said essentially 107 and 113 are divided. They're separate causes of action. And, by the way, you can't bring a 113 cause of action unless you've been sued under 106 or 107 of CERCLA. So we filed our complaint knowing that there was great uncertainty in the law in this situation. So we brought a cost recovery cause of action under 107 and implied right of contribution under 107 or a contribution under 107 because this Court's decision in Pinal Creek had said, of course, all actions between PRPs are for contribution. So we were styling our complaint not knowing what this Court would do in light of Avial. We obviously had our position that we had an express right. Our complaint, though, pled our implied right of contribution as really an express right of contribution. This Court in Carson Harbor... Under what section? Excuse me? Our cause of action. Your implied right is really an express right? It's true, yes. This Court in Carson Harbor set forth four requirements for Section 107 action. You had to allege facility. You had to allege a release from that facility. You had to allege that you would incur NCP complaint costs. And you had to allege that the defendants were PRPs themselves. Our complaint, it was entitled contribution, but our complaint styled it. Our complaint pled those elements and pled facts in support of those elements. Let me just, just so we're not dancing around, are you abandoning any argument that 107 has an implied right of contribution? Our client's position is that we pled in light of the uncertainty. I'm not asking you what you pled. I'm asking you as a legal matter. As a legal matter, our complaint below is an express right of contribution. And so the answer to my question is that you're not taking the position that 107 provides any implied right of contribution. The Supreme Court in deciding Atlantic Research. I'll first answer that before you get into Atlantic Research and Pinal and all these other guys. I'm sorry. Are you, are you claiming any implied right of contribution under 107? No, Your Honor, because our complaint below, what we were trying to recover costs. Our client, our claims, we incurred what we think are NCP compliant costs in Atlantic Research. The Supreme Court said that if you incur costs, you have a right to a 107 cause of action. We cited 107. We cited facts in support that met the client, that met this court's kind of litany of elements you have to plead. And we pled facts in support of those elements. So do you agree with what I think is the position of most of the people on that side of the room, that there is no implied contribution right under 107? I was, the way these cases are situated now before this court, it's, there's no record. I think all the plaintiffs on this side have an express right. And if you have an express right, if you meet those four requirements of a 107 cause of action, where does an implied right fit in? We all have express rights now, as the court said in Atlantic Research. Your express rights are cost recovery rights? Are cost recovery rights, because as the Supreme Court said in Atlantic Research, they split. 113 is only available as if you get sued. Right, but let's just say you go back and there's some defect under cost recovery. Then wouldn't you want to claim an implied right of contribution, or would you be out of court? It's hard kind of theoretically, hypothetically, before right now the court to sort of come up with a way implied contribution could exist outside of the, you know, in our view, the Supreme Court kind of moved the world into two spheres. You have, if you've incurred costs, you go under 107. If you have been sued, you go under 113 for other people's costs. We below allege that we had incurred costs, so we fall under the 107 basket. We pled 107. We pled the elements of 107. We think there's a 107. We think this court should not reach the sort of hypothetical implied right of contribution, just because it's the plaintiffs below pled they'd incurred costs. So even though they call the contribution under this court's previous rulings, for this court to reach that I think would be basically just sort of an advisory opinion, to be honest. Mr. Murphy, let me ask you an underlying, I'll call it a procedural question. In the light of Atlantic Research and Cooper, do you think we as a three-judge panel now are at liberty to sort of redo Pinal Creek and Western Properties and the other Ninth Circuit cases? I do. I think the Atlantic Research and the Supreme Court basically cited Pinal Creek as a way not to read the statute. You know, the Fifth Circuit, the Ninth Circuit, several circuits, sort of used the two sections together to prove a, to come up with what a private PRP could do. I think Atlantic Research expressly said Pinal Creek's not the way to do it. So, but I want to clarify for the record to the extent that other plaintiffs argue the joint and several liability, that one of seven plaintiffs that are PRPs can assert a joint and several liability, that Goodrich does not agree with the rest of the plaintiffs on that point. That if a plaintiff PRP brings a section 107 cause of action, it should be for several liability, not joint and several. It should be an equitable allocation because it's our position the statute doesn't require a- But that's not something we have to rule on either. That's completely true. But if you reach that point, Goodrich does not believe- Why would we reach that point? It's been presented by defendants and just wanted to let everybody know that was our position on that point. Fair enough. Do you want to sit down now? Yeah, I'm reserved the rest of the time for- Let's stop the clock here now. Stop, stop. Okay. Do you all want to keep talking or do you want to hear from the other side and use your remaining time for rebuttal? You've got 21 minutes and 22 seconds. Your Honor, if it's acceptable in the court, we'd like to reserve approximately 10 minutes at the end. That's not the question I asked. The question I asked is do you now want to keep talking and using up your time or do you want to stop now, hear from the other side, and take the remaining time as rebuttal? Now what happens once you get up here, I can't guarantee. You might leave 10 minutes of your time. If you're really good and stop talking when there's 10 on the clock, then you'll have 10 minutes. If you don't, then you won't. So the choice is talk or pass. We prefer to pass it to the other side. Okay. We see there's somebody there who caught the pass. Eager to catch the pass. And you are, sir? My name is James Meeder, Your Honor, Counsel for the Black and Vector Parties and the Amharic Parties in the Rialto case. Okay. And as our letter has indicated, I've been asked to speak on behalf of all the defendants on several issues for my 15 minutes. Let me begin by making a procedural point which I think is important. It really is set forth in footnote 2 on page – footnote 3 on page 2 of the Apollese brief in the Rialto case. The Goodrich complaint is not before this Court. There was no motion made with regard to the Goodrich complaint that brought a decision from the Court from which an appeal was taken. And so – Is that going to change anything, though? Because the Rialto complaint is before us, right? That's right, Your Honor. And that's what I want to focus on because that's the important part. The defendants who are both appellants and Apollese on this side of the table this morning – Right. Right. – have been identified in my letter of October 11 to the clerk, and we seek two substantive rulings. One, we seek and request that this Court hold that there is no implied right of contribution under 107A of CERCLA. And secondly, and I'll have some work to do with Judge Kaczynski, we request in light of Atlantic Research that this Court reaffirm its holding in Pinal Creek that PRPs who do not otherwise qualify for a Section 107b3 defense cannot assert Section 107 cost recovery claims for joint and several liability against other PRPs. And that holding is at 118 Fed 3rd at 1306. Procedurally, with regard to my case, the Rialto case, the Rialto defendant, Apollese, on this side of the table requests that the Ninth Circuit affirm the judgment dismissing the City of Rialto's second claim for relief as set forth in its third amended complaint, which is the operative pleading that brought us all here. And Rialto's second claim for relief was an express claim for contribution under 107A. With regard to the Adobe lumber and the – Isn't that just a wording thing? I mean, they can see where they got confused with all the cases going back and forth. If we squint and read contribution as cost recovery, they've got a perfectly valid claim. And you're just asking for – Your Honor – You're asking for a real windfall or you're asking for just a – dismiss, leave some end, and then they're back and you gain nothing at all. So why are you wasting your time with this? Your Honor, it's because you've given me the answer to your previous question. If it's just wording, semantics, then the substantive rights under either worded claim, whether you call it contribution under 107 or cost recovery under 107, can be no different. And clearly in Pinal Creek, this court held that – and the essence of that holding is that a PRP cannot seek to impose joint and several liability on other PRPs. And so that's why the two issues are conjoined before us today. Do you think that aspect of Pinal Creek survives, Atlantic? I believe it does, Your Honor. And our position is that, as Judge Toshima suggested a few moments ago, in light of Atlantic research and Cooper v. Alveol, the question that remains for this court, what does survive of Pinal Creek? Because for more than at least seven years to today, because Pinal Creek was decided in 1997, it's been a guidepost for all of us down below who practice in federal courts and deal with certain litigation as to what substantive rights a PRP can assert against other PRPs. But is that – I mean, how does that come up at this point? Let's take the Rialto case. Does Rialto have two claims, one for cost recovery? That's claim one. Yes, it does. And a second claim for implied contribution. The state of Rialto's pleadings today are, one, it has a claim for cost recovery, seeking joint and several liability against all defendants, first cause of action, first claim for relief. It had a second claim for contribution, which did not seek to impose joint and several liability, because contribution, by definition, does not allow that. And that was in the third amended complaint. They have – they re-amended to a fourth amended complaint, and they dropped, because they were ordered to, there was a judgment of dismissal, their contribution claim. And then they've now submitted a motion to file a fifth amended complaint, which preserves that cost recovery, joint and several liability claim under 107. Okay, so on the first claim, which is cost recovery, which is permissible under 107, has the district court ruled on whether there's joint and several liability? What the district court did in the Rialto case, Your Honor, and let me just quote it to you, and it appears at the joint excerpts of record at 132, in the preamble to its discussion of Pinal Creek, it said, and I quote, this is a decision that's saved page seven, under CERCLA, innocent parties may pursue full joint and several cost recovery under 107, while potentially responsible parties, PRPs, may only seek several contribution under the combined effect of 107 and 113F. So at the foundation of the district court, Judge Phillips' decision in the Rialto case, was this distinction between, under Pinal Creek, who could seek joint and several liability and who could not. Okay, now is that appealed? That was appealed by the City of Rialto. The City of Rialto sought to overturn in this court the decision dismissing its second cause of claim for relief for contribution. For contribution. Okay, so let me just stop there, in this one I'm getting a little confused. The second claim, which is for contribution, is the very issue that we have to potentially figure out as a result of Atlantic Research, okay? And that was the court's interpretation of Avial, I guess, was the primary reason that it dismissed, is that correct? It wasn't Avial, Your Honor, it was Pinal Creek. It was Pinal Creek, okay. The district court here, in its decision in Rialto, relied on Pinal Creek. And it's very important to understand with regard to this issue of implied right of contribution under 107, there are two other defendants here today in the Adobe Lumber case and the Coltrose case. And in those cases, both district court judges denied the motions to dismiss the 107 contribution claims. Okay, so your claim, the claim against your client for a 107 contribution claim. Yes, Your Honor. Was dismissed. Has been dismissed. By Judge Phillips. Okay, but let's stop right there. But did Judge Phillips rule on whether a cost recovery claim under 107 is available to PRPs joint and several, although I guess she said for PRPs it's only several, but is that on appeal? No, Your Honor. There was no motion on appeal before this court with regard to the 107 cost recovery claim seeking joint and several liabilities. Okay, so how would we, going back to Judge Gazinska's question, why would we rule, at least with respect to the Rialto case, on that question? I choose my words carefully, and you heard what I said. It's not here on appeal. The reason I think this court should rule. No, no, okay. That's all I need to hear is that it's not here on appeal. I mean, I'm just trying to sort it out. It's not here on appeal. The reason the court should rule is that all the district courts, the three district courts here involved, relied on Pinal Creek. And some came out one way, and some came out another way, relying on Pinal Creek. The essence of Pinal Creek is in part in question in terms of its reasoning in light of Cooper v. Avial and Atlantic Research, and the question is what, if anything, survives of Pinal Creek. Right, but that's not really, I mean, I appreciate your frustration, but if we don't have that exact issue on appeal, we're not really. You do not, Your Honor. We're not really not at liberty to sort of take a case and say this falls out because of Atlantic and this stays in, and we've now kind of Swiss-cheesed Pinal Creek, you know, as a case. No, and I appreciate the question. And I understand why people would want the answer. We do want the answer. Yeah, I know why you want it. I totally appreciate that. And the confluence of events that get us all here today rarely occurs the way they did with two Supreme Court cases and a definitive Ninth Circuit case which says a lot about all these issues, which remains ambiguous in light of the footnote in, what remains ambiguous, and let me put it this way, is that there's no question in the holding of Pinal Creek that a PRP can't sue another PRP for joint civil liability. So that should be the law in the Ninth Circuit, and it still is, unless Pinal Creek is overturned, and it hasn't been overturned unless it's clarified, and that's clarified away. I know you intensely want the answer to this question, but isn't the most natural, sort of abstract yourself from the situation, just think about the generic case. We have a circuit precedent, not one but two Supreme Court opinions come along that call that precedent to doubt. Why isn't the most plausible thing to do to send this thing back to the district courts for them to figure out, in the first instance, how the new law applies in light of the various facts of the various cases presented? Why isn't that the generic answer to the question we have here, which actually, believe it or not, happens with more regularity than you probably appreciate, and if that's the generic answer, what is it about your situation that justifies a different answer? I accept and I know that that's the generic answer, and I will tell the court, from the perspective of those in court litigating these cases, what happened in the Rialto case, and all the other cases as well, is that the Rialto case, up until July of this year, when we got reassigned to a new district judge who was appointed to the bench, has been stayed for all purposes except discovery, ever since this issue was certified and sent up under Article 54B judgment, and because the issue is of such importance to the burdens of proof, we're going to be back here, depending on who comes out which way on it, and I will tell the court that... You might settle. I mean, that happens, and then cases never come here. That is correct, Your Honor, but the presumption is, I assume... Or you might narrow the issues because facts drop out, things are stipulated, things that seem to be in dispute now wind up not being in dispute. They come back up if it comes back up, if the parties don't settle. Lots of ifs. Let me, though, go back to the implied contribution claim, because on that claim, your client was successful in having that dismissed, correct? That's right, and there's an appeal challenging that dismissal. So we just heard from... From Goodrich, not from Rialto. I understand, from Goodrich, saying we could just deep six right now that decision, and we don't have to decide it. From your perspective, unless the plaintiffs in your case abandon that claim, then you need to know one way or the other whether the district court was correct. That's right, and our position is, and it's important because there are two other cases here. And they didn't come out so well in their case. That's right. In Rialto, we're seeking an affirmance of the judgment. I understand. Dismissing the second claim. In the Coltrose and Doby-Lumber case, they'll explain to you, they are seeking a reversal of the decisions of the district court because there's a conflict in the district court. Two, one way, and ours the other way. Mr. Meader, let me ask you, maybe this is the same question. You've been asked several times in different ways, but getting back to this beginning of the paragraph from ER 132 that you read from Judge Phillips' opinion. Yes, Your Honor. And this opinion was issued before Atlantic Research. Yes, it was. How is that conclusion affected by Atlantic Research? Your Honor, the way it's affected is that it followed Pinal Creek's rationale of reading 107 and 113 together and having 107 create the right of contribution, but 113 creating the mechanism by which contribution could be asserted. And in Atlantic Research, what the Supreme Court said, wait a minute, there are two wholly distinct and separate kinds of claims. A circular cost recovery claim by a PRP who voluntarily incurs those costs and a contribution claim with the limitations opposed by 113. And the court is saying they're wholly distinct. They have an overlap because simply, as the court said, they find the plaintiffs in those cases would find themselves in procedurally different circumstances, and in that sense, they overlap. And the procedural different circumstances are, in one case, under cost recovery, someone has voluntarily incurred costs. In the other case, there are the limitations of 107 or a PRP has incurred it. You've used up 15 minutes. I appreciate that. I'm done. And are you taking the position on contribution under 107 is for all of the? Yes, I am. And the government will address these issues now with their 10 minutes. But the position of the defendants is as set forth. It's very simply that the contribution decisions of the district court, in my case, should be affirmed, and the other two cases should be overturned and reversed. And this court should decide that issue, that there is no right to implied contribution under 107. And we, for all the reasons I've tried to articulate, think that helping the parties. What do you do with the claim on the other side? They don't have a claim for implied contribution. Their claim is for express contribution. There's no implied claim. Mr. Murphy. Murphy, thank you. Mr. Murphy stood there and said, look, it's not our case. None of the... So why would we be ruling this at all? They don't want it. In all respect, Goodrich, and it's footnote three of my brief on page two, doesn't have a complaint before this case. We haven't heard from the plaintiffs below. Goodrich is one of those defendants in a circle cost recovery case who, in a race to the courthouse, got its 107 claim filed simultaneously or shortly after the city of Rialto filed its claim against Goodrich. But your claim is actually... There are two claims in your case, one of which is an implied contribution claim as a second claim. As of the third amended complaint, which is the operative pleading before this court, that's correct. Thank you. May it please the Court, my name is Ron Spritzer. I appear on behalf of the United States. The United States is a party to the Rialto case, the specific agency being the United States Department of Defense. Let me begin, perhaps I can clear up a little bit of the confusion about this express contribution versus implied contribution issue or question. What Rialto alleged, and again, the Rialto complaint is the complaint on appeal, not the Goodrich complaint. The Rialto complaint alleged in count one, cost recovery under 107A, essentially the complaint or the claim that the Supreme Court in Atlantic Research has said PRPs may bring, with one notable exception, they say they're entitled to joint and several liability. We say that's wrong. That count, the district court, as Mr. Meters indicated, did not rule on. The second count was clearly for implied contribution. It was not for express contribution. Express contribution would have been a claim under 113F1. I believe Rialto in one of its earlier complaints did have such a claim, but dropped it as it had to in light of the Supreme Court's decision in Cooper v. Alveol, because Rialto is not a party who has either been sued or entered into a qualifying settlement under section 113F. So that's out of the case. That's not in Rialto's case. Their claim that the district court dismissed is simply one for implied contribution. What I've heard so far from the other side, and this is my interpretation of what I've heard, is they're not really pressing that argument. We think that's not a reason to vacate the district court's decision. The district court's decision is clearly correct. They don't have an implied right of contribution under section 107. That is, Rialto does not. And, of course, that issue is presented in the cases where the district court has ruled, incorrectly now in light of Atlantic Research, that an implied right of contribution exists. Well, I guess one of the things we could do, because people are in different postures depending on whether they won or lost below, but if, and we'll have to ask, I guess, what I'll call the plaintiff's side for, I guess, if they, in fact, abandon an implied right of contribution, then I suppose we could remand this to the trial court to do what it will with abandonment of cause of action number two or the equivalent cause in others. But they may or may not do that. We don't know that yet. I should be careful, because I don't represent the parties in the Cutros and Adobe Lumber cases to say what our counsel will address that. I think in our case, the Rialto case, the court should simply affirm the district court's ruling is correct. Judge, I believe it was Judge Kaczynski who indicated, we're basically going to go back and litigate a cost recovery claim. That's true. What if they told you that they have abandoned, if they told the court that they've abandoned an implied contribution under 107, then there would be no reason for us to rule on it, correct? I think Your Honor's question is essentially, would it be moot at that point if they abandoned it? Right. Because they haven't filed a motion with the court saying that. But if they did? If they did, I guess we'd respond to it. I mean, the case is still a live case in the district court. Sure. It would clear up. That cause of action would be moot. Yeah. I mean, I think the government is. They're ruling on moot cases, you know. Quit getting impeached for that. It's an abuse of Article 3. Yeah. I mean, I think we do have a live case, obviously do have a live case. Correct. As of now, I agree with you. I'm just asking. If they say, well, we basically agree now that district court was right, I think the correct result is simply an affirmance that it may be a one-line order, district court affirmed based on Atlantic Research. Mr. Spritzer, is it the government's position that a PRP can bring a cost recovery action under 107? That is the law after Atlantic Research, that a PRP, not all PRPs by any means, but a PRP. I mean, in theory. A PRP in the position of Atlantic. Well, I mean, that's a simple question with a fairly, unfortunately, a fairly complicated answer. A PRP in the position of Atlantic Research, and Rialto, at least based on the pleadings, appears to be a party like Atlantic Research, one who has on its own initiative undertaken a cleanup, can bring a 107A cost recovery claim. We agree with the private defendants who Mr. Meeder represents. Well, some of them are actually governmental, but non-federal parties that he represents. And I understood Goodrich to also say they agree that the right that such a PRP has is essentially a several liability, not joint and several liability claim. Now, the court has asked the question, quite understandably, do we need to reach that issue, given that all the district court decided was there's no implied right of contribution. I think the answer to that is we know that they have some sort of right in district court. It would be appropriate, and I think certainly helpful, to the district court in this case and to all the district courts in this circuit, for the court to explain not only what their right isn't, but what it is. But why wouldn't that be an advisory opinion on an issue, not on appeal? Because the issue, whether they have an implied right of contribution, it seems to me, necessarily implicate, given that they have some sort of right under 107, necessarily implicates the question of, well, what right is it if it's not implied? In other words, I think the court's opinion would logically begin with the question, what does Atlantic Research give to a PRP? Who is in the position of Atlantic Research and apparently Rialto? That is, what kind of claim do they have? And that claim, and I think we agree with Goodrich on that point, is a claim for several rather than joint and several liability. The next question is, well, is that contribution? What difference does it make whether it's several, joint or several, to the issues presented to us? If we decide there's some claim, why is that exactly the kind of issue that we would have the district court decide in the first instance? Because I think it's a question of law. The district court has nothing to add in the way of additional factual finding after Atlantic Research. It's a question of law for the court. We don't even know there's a factual predicate here for the distinction. It might not ultimately matter in any of these cases. Well, based on the pleadings on which the district court ruled, I think the facts that the court would need to know are already set out. There's nothing the district court could add in this context to. . . The court would be addressing the facts as pled. I recognize that it could turn out over the future years that there might somehow a rather relevant fact might come to light. But I think the case on the pleadings, a party who is in the position of Atlantic Research and apparently Rialto, who has initiated a cleanup on its own but is a PRP, doesn't have a right to sue for joint and several versus or several liability, is a question that I would have to concede, Your Honor. And that would be a question that depending on whether we gave one answer or the other answer, we'd wind up affirming or reversing, it would make a difference in the outcome of the case? No. The result would be. . . I agree. So in what sense is it done non-advisory? In what sense, if it makes no difference to the bottom line of the case, isn't it just like writing a treatise, which is a good thing to do, writing a treatise? I think because. . . Mr. Shima writes a treatise and it's very helpful, but you're not acting in capacity of a judge. I wouldn't put the burden on the court to try to write a treatise on CERCLA. It would be a difficult undertaking. I would resign. Are you still in the royalties? I think your question, would it be dicta, is essentially Your Honor's question, if I understand it. Big dicta. More than dicta, advisory implicates we're only supposed to have jurisdiction over cases and controversies in front of us. There's a lot of stuff in the district court that would be helpful if we told them in advance. I guess I'd come back to the earlier point, Your Honor. It seems to me the question, I agree it's not a holding we would ask the court to make. What we are, I think, basically saying is in the course of the court's opinion, it would be appropriate to say what rights does a PRP. This sounds more like drafting advice. We could wheedle it in if we wanted to, is what you're saying, and you guys would really love for us to wheedle it in, and that way you'd have an answer, particularly if it's the answer you like. If it's the answer you don't like. But the fact that both sides agree on what the answer is makes me really worried. Maybe we need to have a case where parties disagree as to what the correct answer is. Well, we may yet have this. And then we'll write an opinion with some adversary presentation on both sides. Your Honor's question gives me a good exit point because there may be disagreement from the other side. Well, let's look for some disagreement here. I've already intruded on other counsel's time. There we go. Four minutes and nine seconds left. We'll make it four minutes and ten seconds just to show. Thank you, Your Honors. Judge Kuczynski, would you mind letting me, oh, the time is right here because I want to save two minutes for Mr. Edgecomb. I represent Adobe Lumber. I'm sorry. I represent Wells Fargo and Mr. Hellman in the Adobe Lumber case. My name is Tom Donnelly. I join in the arguments made by Mr. Zmider and Spitzer. In our case, we do have a ruling from Judge Shub recognizing an implied right of contribution. We believe Your Honor should reverse that decision. We think it's wrong in light of Atlantic Research. Adobe seeks only that. In the operative complaint, Adobe seeks under 107 implied contribution. That's all that's in play right now. They don't have a cost recovery claim under 107. In their current complaint, they don't have a cost recovery. They do not. They seek contribution under 107, not once in their 107 claim do they even use the word cost recovery. They seek contribution. But if you're correct and there is not an implied right of contribution under 107, then presumably they could amend their complaint if they met various requirements. Absolutely. To make it a cost recovery action. In fact, we think what should happen here is Judge Shub's order should be reversed with instructions to dismiss, and then Judge Shub can consider a motion for leave to amend to state a proper claim under 107. And at that point, we will then see if they seek joint and several liability or several liability. I see where this is going on that issue. We do think, by the way, Your Honors, that the lawyers would certainly like to know what's left of Pinal Creek. And Pinal Creek did hold that PRPs can't seek joint and several liability. And circle litigation would be in disarray if PRPs like Adobe can seek to impose joint and several liability on my clients and others. It's just not fair. It's not right. It's not what was contemplated. So we do seek reversal of the district court's order. We do think Adobe should be forced to properly state a claim that's been recognized by the Supreme Court, and they haven't done so yet. And anticipating the argument that Mr. Weines will make that we've received proper notice of the claim, we haven't because, first, the claim that is pending is not a proper claim. And, secondly, we don't know what relief they seek because they're seeking all or a portion. I think they're looking for money. I'm sorry? Money. They're seeking money, yes, Your Honor. They're seeking money. I think this is all about money. I don't think anybody's child will be taken away. You're not going to lose welfare benefits. On that note, I'm going to sit down to defer the last couple of minutes to Mr. Edgecombe. I hope your clients find this reassuring. It's only money. Good morning, Your Honors. John Edgecombe for defendant and appellant, Bayer Crop Science. I'm not going to repeat what's gone before. I agree with what all my learned counsel have told you. I just want to state that in our particular case, the Kotros case, Judge Damrell denied our motion for judgment on the pleadings on the specific grounds that there was an implied right to contribution under 107. In the Kotros case, do you have two claims, one for recovery, one for implied? No. There is a first cause of action that on the face page is called contribution. The caption of the claim is contribution, and then there's some language in the last paragraph of that claim that refers to both 107 and 113. But there's no claim for cost recovery. It's debatable whether there is or is not. What I would recommend or what we're asking for is that the court decide that Judge Damrell's conclusion that there's an implied right to contribution under 107 is incorrect, reverse that, send it back to Judge Damrell, and let him decide whether or not the plaintiffs have adequately pled this newly recognized 107 cost recovery claim. Why do you say newly recognized when it says that in the statute? Well, it's newly recognized by the Supreme Court. Previously, in Pinal Creek, for example, this court had held that there is no right to contribution under 107, that it's governed by 113, and the contribution claim should be brought under 113. The Supreme Court has now said there's a cost recovery claim under 107, not a contribution claim. So what you're saying is we should recognize that Pinal Creek has been overruled by Atlantic Research? Only to the extent that it said there is no cost recovery claim under 107. Well, also that there is a contribution claim. There is a contribution claim under 113 that was not really addressed by Atlantic Research. If I could raise a second point, we are also asking the Ninth Circuit to find on the facts before it that the plaintiffs in our case, or the plaintiff, Katros, did not properly allege a 113 contribution claim. It's not entitled to a 113 contribution claim because it hasn't met the prerequisites set forth in 113, as affirmed in Aviol by the Supreme Court, where you have to have either been sued under 107, had an order issued under 106, or entered into a settlement with the government. Well, what, Katros was subject to some kind of an administrative order, is that right? Yes, a Regional Water Quality Control Board order, which is not a 106 order. But Judge Damrell hasn't had a chance to look at it in light of Atlantic Resources, correct? Judge Damrell, we brought a motion for judgment on the pleadings, arguing two things. One, there's no implied right to contribution under 107, and that they did not meet the statutory requirements for a contribution right under 113. He decided not to address the second issue, that there's no right to contribution, because he found there was an implied right to contribution, and so he didn't have to decide that other issue. So the answer is, he hasn't taken a look at 113 status as a PRP under the new Supreme Court case? Correct. Okay. Thank you. Thank you. Rebuttal. Good morning. Jackie McDonald on behalf of Appellee James Kotras. The owners would just like to respond to the allegations that Kotras has not pled a cost recovery action. As Defendant's Counsel spelled out, within the Kotras complaint, Kotras did have a first claim for relief, which stated on the header contribution and on the cover page of the complaint, contribution under 113. However, within the text of the first claim for relief, Kotras clearly states that he has incurred recovery costs, and he seeks recovery of those costs against all of the defendants and each of them. He also asserts that he is entitled to contribution because he has paid more than his fair share of the recovery costs, and so seeks contribution. On appeal, then, do you still maintain your position that your client can assert an implied claim for contribution under 107? Yes, Your Honor. We would suggest that this Court should not vacate or overturn the district court's decision that relied on the Ninth Circuit precedent to uphold our cause of action because there is an implied right to contribution. In doing so, the Court did not rule on, as you noted earlier, Kotras's continued allegation that Kotras had met the Section 113 requirements for contribution under the 113. No, but that doesn't really answer the question. Now you keep coming back to 113. Are you saying that we should ignore AVIOL and Atlantic Research and say that there is an implied right of contribution, or are you just saying that you aren't pursuing that but you are pursuing cost recovery? Your Honor, I would not say that you need to or should ignore Atlantic Research and AVIOL. As neither case specifically stated, there was no implied right for contribution. In both cases, the Court left that question open. The Supreme Court did not overturn Ninth Circuit precedent in Penal Creek and Western Properties that suggests there is an implied right of contribution. Not yet. So I guess the bottom line is that you're not abandoning a claim for implied contribution. You think we need to rule on that? No, actually, I don't think you would necessarily need to rule on it, particularly given this Court's decision in Western Properties where the Court said, though the part of Western Properties that said that a PRP could bring a Section 113 contribution action is now not a good law based on the Supreme Court ruling in Cooper v. AVIOL, Western Properties further said, in the situation where a PRP has a 107 cost recovery action in addition to that raises a contribution action, then it meets the 113 requirements of during or following. During or following a 107 recovery action. Maybe I'm missing something here. But you keep going back to 113. Why don't we need to determine whether the District Court was correct in his ruling on or let's see, which judge was this? The ruling on, this is Judge Damrell? Judge Damrell, yes. Judge Damrell. Why don't we need to determine whether Judge Damrell was correct or incorrect on the implied contribution right? Because Judge Damrell dismissed the motion that suggested that and based on the decision the judge said that in fact there is jurisdiction over this claim because even though I'm not ruling on whether COTRS has a 107 cost recovery action under Atlantic Research, now we know that is an action that COTRS can have based on his complaint that says, I have incurred response costs that meet the NCP. However, the Court didn't rule on that. The Court did rule on the implied right to contribute or relied on Ninth Circuit precedent, which the Supreme Court has not overturned, to say that this complaint has stated a valid claim for relief. So if I understand your position is basically the Court let the complaint stand, didn't necessarily endorse everything in the complaint, just said it's not so devoid of a viable claim that it needs to be dismissed. Right. There may be things in the complaint that in fact drop out for various legal or factual reasons. Right. And it will all play out with discovery. This case has yet to go to discovery. It has been stayed unlike, I believe, the city of Rialto case. You're being stalked. I would just like to assert that COTRS has both cost recovery for the cost he's incurred as well as he would like contribution for costs others have incurred. Thank you. Good morning. May it please the Court. Scott Sommer for the city of Rialto and the Rialto Utility Authority. Perhaps I should clarify one thing because there have been a few questions. The city of Rialto's status as an innocent water purveyor is being challenged by the defendants in our case. It's a city with its own water system. I've heard arguments that by pumping its water after per chlorate was discovered, somehow they've lost their innocent status. There's a case that's dealt with that. But in the alternative, more recently we've been hearing that because the police or fire department confiscated some legal fireworks and took a shopping bag of it to one of the fireworks manufacturers, somehow they've lost an innocent party status. So in the pleadings and or the trial, we have an issue where the defendants are going to argue, okay, fine, you're an innocent water purveyor. We know you don't have any manufacturing operations that have discharged rocket fuel, but we're going to try to contest that status. And the reason for it, of course, is a joint and several issue. Now, in response to Judge Skinski's question. Well, just a minute. Then as a result of part of what you're saying is that you are not a PRP, right? Well, that's the city's position, but the defendants are challenging that. Go ahead. I just want to get that clear. But one thing that I do think at least needs to be highlighted for the court, and I don't disagree, there are plenty of issues here that could very well just be remanded back to the district court. But in fairness to Judge Skinski's question being answered, I think, fairly, the question does exist. If the second cause of action under previous case law was really designed to attack the prospect of if the city somehow lost its innocent status as a PRP, what recovery right would it have? We don't have US EPA suing people or anything like that. This is a standalone private party slash city bringing in action. So the second claim under previous case law for contribution was really designed to address the prospect of if it is a PRP, what are its rights? That's what Judge Phillips ruled against, and I respectfully disagree with counsel. If you read the record past 132 through 137, you'll see plenty of references to the reasoning of Cooper-Avial, the way we interpreted her reading. She looked at that and said, well, since there's no action, you can't bring in action if you're a PRP. Your second claim is out the window. So I just want to clarify that point. Now what I do think that brings us here, since Pinal Creek has been raised by the 28-J letter and an argument more recently of the defendants, I happen to think Pinal Creek sought an equitable result that I think is very sound. There's no question that if you read Pinal Creek, what it was trying to avoid was orphan shares being shunted to one side of a group of PRPs or the other. There are a variety of comments there that underscore that. Western Property Services has repeated references to accomplishing an equitable result. I do think that Atlantic Research has made it very clear that the quote in Pinal Creek in 1301... You know, I've been listening to you, and you were going to answer the question in all fairness and all that, but I have no idea what your answer is. Why don't you tell me where you're going, and then it will make more sense as to what you're saying. What are you asking us to do here? I'm observing for the court that our first claim, which alleges 107A cost recovery... Observations are very good things, but you're an advocate. You want us to do something. You're trying to persuade us of something. I have no idea what you're trying to persuade us of. So why don't you just say it in one short declarative sentence. What are you trying to persuade us of right this minute? Right this minute? Yeah, that's the thing you're talking about. I'm attempting to point out that if the court doesn't... No, not point out. What would you like us to do? What is this thing they're trying to get us to do? Not point out. Just... I think the court could address the issue of Pinal Creek and clarify whether there is or is not so-called joint or several liability for PRPs, because that is the issue that everyone's going to be arguing about. If you decide that you have to do so under these pleadings, then I submit respect for... That's what you're trying to get us to do. You're saying we should decide the question of whether there is joint or several liability, right? In fairness, if Rialto is adjudged to be an innocent party, it will not come back up to this court. If, on the pleading level, we end up with motions to dismiss, we're going to be dealing with it in a matter of weeks. That is what I think needs to be responded to. I can't sit here and tell this court whether it should or should not decide innocent contribution, implied contribution under 107. I happen to think it's largely an academic question in light of the fact that cost recovery for PRPs is now out under Atlantic Research. However, the issue under Pinal Creek as to whether there's joint and several liability, that can be ascribed to a PRP bringing a 107A claim. Other than the fact that you would really dearly love to know the answer to that question, what else can you tell us to persuade us that we should really ought to rule on this issue? I don't have anything else to submit on that. I can lay out reasons. There are lots of things lawyers would really love to know. It doesn't make it an issue that's presented. It doesn't make it an issue that is in controversy here. I mean, the fact that everybody here wants us to rule on this issue and to rule in one particular way makes me very nervous about ruling on the issue. It would be very nice to have somebody who can make an argument on the side. I don't disagree with you, Your Honor. I'm not here to submit that you must decide the question of whether there's implied contribution. I regard it as largely moot in light of the fact that Atlantic Research has recognized a PRP's claim. Why are you taking the last five minutes talking about it? Do you just need to use up the time? Would you like me to respond to… I don't know. I'm trying to understand what you're doing with your argument. You stand there for five minutes talking, and I have no clue what you really want us to do. You know, one day you say it would be very nice to know this, and you say, well, you can't really say that we need to decide it. What do you want from us? You're a lawyer. You asked some questions of the government, Your Honor, that I didn't think were completely answered. I was trying to point out how that issue does still exist under the pleadings. Under the format of the parties in our case, the type of plaintiff that is there… You're just sort of acting as an amicus. You're helping us out here. As you wish. Why don't you go on to something that you want us to do? What is it? If not, sit down and let somebody talk who has something to say. All right. Well, the one thing I would like to urge, that is, if you do approach in your ruling the continued vitality of Pinell Creek, as was mentioned earlier in the argument, I would simply submit that there is an equitable objective in that decision that is also reflected in the Western Property Services case. That does what I believe is explicitly laid out in Atlantic Research, which said that there is the 107A remedy, which does have cost recovery, as recognized under that statute, but it recognizes the vitality and the viability of 113F equitable considerations by the court. What Pinell addressed was the issue of orphan shares and inequity, and I believe it sought to reach a result that basically prescribed that we want equity to occur. We want prompt and rapid cleanups, but we want equitable results. I think that was the rationale. I think some of the specific language of Pinell Creek has now been taken away by Atlantic Research, but I do think that Atlantic Research has supplied the result that this court sought to accomplish in Pinell Creek, which was that the equitable factors of 113F continue to apply. They continue to apply, as I said, in Atlantic Research, even if we have a PRP seeking cost recovery that's interpreted to be joint and several. Joint and several does not trump the equitable factors of 113F, and I'm simply pointing out that if this court needs to adjust Pinell Creek, I believe there are sections in Atlantic Research that specifically lay out that the Supreme Court does recognize that 113F does apply to joint and several liability, and I believe that the result brings everyone back to what the Pinell Creek court was attempting to accomplish, and that's the point I really wanted to end on. And on that basis, you could go through the four points raised in the defendant's letter about races to the courthouse or other issues. Okay. I think somebody is waiting in line to say something. Thank you. Thank you, Your Honor. Robert Wynn is for Plaintiff and Appellee Adobe Lumber. Adobe's position is that it seeks its response costs under 107. That's what it has always wanted. And in its complaint, it titled its cause of action contribution and then went forward to plead all the elements of a 107 response cost claim. Don't you have two claims? In Adobe, well, there's a 113 claim for declaratory relief, but that's not at issue here. We have one claim. It's entitled contribution, but it seeks cost recovery under 107 by its very terms. So do you waive any claim or imputation that you're claiming an implied right of contribution? Our position is that after Atlantic Research, it's no longer a pertinent question. Well, I sure wish. I mean, it's no longer pertinent. I'm getting that out from all these letters going back and forth. I thought people were still fighting tooth and nail over whether there was an implied right of contribution. We've only got papers like this high. It's not pertinent to our client at this time. Well, then they should have no trouble answering Judge McKeon's question. Do you waive it? Do you waive any claim to implied right of contribution under Section 107? I don't think we need it. I think we've stated a claim. No, no. I mean, yes or no? You're not going to wheedle out of it. We could waive that claim, yes, Your Honor. Okay. So if you waive. You say could. Do you? Yes, Your Honor. Okay. So you waive a claim for implied right of contribution under 107. That would mean we wouldn't need to decide whether 107 permits a right of implied contribution, correct? Correct, Your Honor. Because you don't have such a claim. Correct, Your Honor. And then I guess you would want us. And if we were to decide. Anyway, that's moot vis-à-vis your client. We would need to remand this to the district court so it could figure out whether you have a legitimate cost recovery claim. Yes, you could, Your Honor. Or you could affirm because if you simply look at our complaint, and I can go through the paragraphs, we allege every element of a 107 claim under Carson Harbor. And, of course, after Atlantic Research we can bring that claim. But in any event, it could be remanded or it could be affirmed. But we wouldn't need to decide this more global legal issue then since you've waived any claim to 107 implied contribution. Your Honor, it's our position that Atlantic Research takes care of everything that was on appeal. And this court does not have to decide anything. So then you'd be back in the trial court on a cost recovery claim under 107 plus your declaratory judgment under 113. That's correct, Your Honor. Which wasn't on appeal. That's correct, Your Honor. So there's nothing more for us to do vis-à-vis Adobe Lumber or is there? That's our position, that the court could affirm the district court, Judge Shub's decision, or the court could simply dismiss the appeal and remand. So you and Mr. Murphy are basically on the same page. I think so, Your Honor. And I guess you're not on a different page than Mr. Donnelly who represents the Hellman. Mr. Donnelly has said that our complaint explicitly does not plead the elements of 107 cost recovery, and I can cite to the court paragraph. But he also said that if you went back to the district court and they were relieved to amend, you would be able to allege a cost recovery. So we would leave to the district court to figure out whether you have or you haven't. Right, the district court could certainly decide whether we need to amend. They could decide based on these words that you've already used, whether they fit or they don't fit. Yes, Your Honor. Okay. Any further? May I tell the court to respond? I promise 30 seconds. Given the waiver. Before you do that, I just want to make sure that people on this side are done. Yes? Thank you. Given the waiver, I do think, Your Honors, you need to vacate Judge Shub's order because it found there's an implied right of contribution. It should be vacated and then let Adobe bring a motion for leave to amend to properly state a claim. Then there'll be certain reasons. Remind me, Judge Shub did what? He found there is an implied right of contribution. Wait a minute, but he just said, although it's labeled contribution, he states he alleges everything you need to allege for a cost recovery claim. I disagree with that, and I think Judge Shub should sort that out, frankly. Well, Judge Shub didn't address that issue? He said it certainly met the standard for an implied right of contribution. No, but he didn't address the issue of whether or not the complaint stated a claim for cost recovery under 107. That's right. He did not. What if we vacated his order with respect to implied right of contribution under 107 and remand for him to determine whether there's any other cause of action or whatever? I mean, that would get you to the same place, right? That would be fine, Your Honor. Thank you. Sit down. Sit down. Anybody else on this side feel urgent need to say something? Your Honor, John, I just got one more. You better step near Mike, otherwise your words of wisdom will be lost. This is a 30-second rule, you know. Less than that, Your Honor. It appears that, at least in our case, there is a current controversy over whether or not there's an implied right to contribution under Section 107. Again, we would ask that the court reverse Judge Damrell's opinion, recognizing such based on Supreme Court rulings and advice that implied rights are not to be construed, citing Texas Industries and Northwest Airlines. And, you know, I heard counsel for Contra say they still assert that there is an implied right under 107. So maybe how quickly 30 seconds goes. I thought they didn't. Maybe I missed something here. I did not hear them waive the claim. Thank you, Your Honor. Yes, 30 seconds? Less than 30 seconds, Your Honor. Jim Meeder, Your Honor, it was unclear to the defendants in the Rialto case whether or not the plaintiff still is asserting a right someday to bring a contribution claim under 107. Therefore, we think the court needs to affirm the decision of Judge Phillips in that case denying that right. Okay. 30 seconds. In the Adobe case, we don't believe that this court Why don't you identify yourself? Robert Wayne. It's again for the plaintiffs and for Adobe Lumber and the Adobe matter. You want to waive more things? So you get up here just to say, go ahead. Half your time is gone. We don't believe that there's any grounds whatsoever to vacate the trial court's denial of the motion to dismiss because we do state a valid cause of action. And, of course, the law says if you state a valid cause of action under any theory, then it's a good cause of action. Are you saying we have to decide that question then, whether or not you state a valid claim for a cost recovery? Well, the court certainly could. You know the district court didn't decide it? The court could decide it on a de novo review or the court could dismiss the appeal, but there's no grounds for the court to vacate the trial court's decision. Thank you, Your Honors. Okay. Can we ask in 30 seconds or less, Kutra's counsel, whether you're waiving a right to implied contribution under 107? Jackie McDonald for Appellee James Kutra. No, we are not, Your Honor. Oh, okay. Wow, she really did beat 30 seconds. I'm impressed. Yes. More advice? That's good. So that there's no confusion, Rialto does not seek to preserve the 107 implied contribution claim. I was simply attempting to illustrate. Who is this speaking? Scott Sommer, pardon me. Just for the record, you know. Scott Sommer for the city of Rialto. If you don't seek to preserve it, I guess you waive it. That's correct. Thank you. We'll give you a straight answer, but I was attempting, and elegantly perhaps, to point out that. You don't really have to use the entire 30 seconds. We got our answer. We got it. All right. Thank you, Your Honor. Okay. Everybody done? More or less? Okay. Thank you, counsel. Very complicated case. Well argued. We are, all these cases are submitted and we are adjourned.
judges: Kozinski, Tashima, McKeown